NO. 07-09-0069-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 11, 2010
_____

In the Interest of A.J.P., a Child
_____

FROM THE 69th DISTRICT COURT OF DALLAM COUNTY;

NO. 10854; HON. RON ENNS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Toni Michelle Sanchez (Toni), the natural mother of the minor child A.J.P., and her husband Abraham Roberto Sanchez (Abraham) sought termination of the parental rights of the child's natural father, appellant Adrian Ryan Santos. After a hearing, the trial court found that Santos had 1) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months, 2) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well being of the child, 3) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well being of the child, 4) failed to support the child in accordance with his ability during a period of one year ending within six months of the

date of the filing of the petition, and 5) knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less that two years from the date the petition was filed. The court also found it was in the best interest of the child that the rights of Santos be terminated. Santos challenges the sufficiency of the evidence to support those findings. We affirm.

*Authority and Application*

The standards of review are discussed in *In re J.F.C.,* 96 S.W.3d 256, 266-67 (Tex. 2002 and *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002) to which we refer the parties. Further, we need only determine if evidence of one of the statutory grounds is sufficient to support termination as well as that termination is in the best interest of the child. *In re K.C.B.,* 280 S.W.3d 888, 894-95 (Tex. App.–Amarillo 2009, pet. denied) (stating that we may affirm if the evidence is sufficient on any one statutory ground relied upon by the trial court when there is also a finding that termination is in the best interest of the child).

One of the grounds alleged for termination was that appellant had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of the filing of the petition, September 18, 2008. *See* TEX. FAM. CODE ANN. §161.001(1)(Q) (Vernon Supp. 2009). The evidence showed that appellant had been imprisoned for murder since 2001. At the time of the hearing on January 6, 2009, appellant had served eight years of a sixteen-year sentence. He had twice been up for parole and been denied. Although he would come up for parole again, he conceded there was no guarantee it would be granted.

2

While evidence of the availability of parole is relevant in determining whether a parent will be released from prison in two years, the introduction of such evidence does not prevent a trier of fact from finding that the parent will continue to be incarcerated. *In re H.R.M.,* 209 S.W.3d 105, 109 (Tex. 2006). In other words, the mere possibility of parole does not prevent one from forming a firm belief or conviction that the parent will remain incarcerated for at least two years. *Id.* Given that 1) appellant participated in a murder in retaliation for the shooting of a cousin, 2) appellant fled to California from Colorado to escape arrest, 3) appellant was serving a sixteen-year prison term which began in 2001, 4) appellant has been denied parole twice, and 5) appellant cites us to no evidence of record suggesting that future parole decisions may differ, there is evidence of record which would enable the factfinder to form a firm conviction and belief that appellant would remain in prison for at least two more years after the date the termination petition was filed.

Moreover, Santos provided no evidence that he would be able to or would care for the child during the aforementioned two years, and that was his burden. *In re Caballero,* 53 S.W.3d 391, 396 (Tex. App.–Amarillo 2001, pet. denied). Nor did anyone testify that they would or could do so on his behalf. Evidence that an incarcerated parent merely left the child with the other parent, absent some agreement illustrating that the other parent would care for the child on his behalf, does not constitute the ability to provide care. *In re H.R.M.,* 209 S.W.3d at 110. Therefore, the record did permit the factfinder (*i.e.* the trial court) to form a firm belief or conviction that the requirements of §161.001(1)(Q) had been met.

Next, we must determine whether the evidence supports the trial court's decision that termination is in the best interest of the child. In doing so, we may consider the indicia known as the *Holley* factors. Those factors include 1) the desires of the child, 2) the emotional and physical needs of the child now and in the future, 3) the emotional and physical danger to the child now and in the future, 4) the parental abilities of the individuals seeking custody, 5) the programs available to assist those individuals to promote the best interest of the child, 6) the plans for the child by those individuals or by the agency seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that the existing parent/child relationship is not a proper one, and 9) any excuse for the acts or omissions of the parent. *In re P.E.W.,* 105 S.W.3d 771, 779-80 (Tex. App.–Amarillo 2003, no pet.). Moreover, it is not necessary to show that each factor favors termination, *id.* at 780, and the list is not exhaustive. *In re C.J.F.,* 134 S.W.3d 343, 354 (Tex. App.–Amarillo 2003, pet. denied). There must simply be enough evidence to enable the factfinder to form a firm belief or conviction that the child's best interest justifies termination. *In re P.E.W.,* 105 S.W.3d at 780.

Evidence appears of record that 1) Santos had been incarcerated since the child was six months old and the child was eight years old at the time of trial, 2) Santos saw his son four times while imprisoned in California but had not seen him since he was extradited to Colorado and had not maintained any significant contact with the child, 3) he had not provided support for the child, 4) threats had been made against the life of the child by others due to Santos having testified against his cousins, 5) the child's name had been changed to protect him from these threats, 6) Santos threatened the child's mother that he

4

would kill her if she ever allowed his son to call someone else "dad," 7) Abraham Sanchez is the only father the child has known, 8) Abraham and Toni have one child together and she was pregnant with another, and 9) Abraham testified he wants to be able to care for Santos' son if something happens to his wife.

Incarceration makes Santos' future uncertain with respect to meeting the child's need for permanence. *In re M.D.S.,* 1 S.W.3d 190, 200 (Tex. App.–Amarillo 1999, no pet.). Based on this and the evidence mentioned above, a rational factfinder could also form a firm conviction or belief that termination of the parent/child relationship at bar was in the best interest of the child.

Having found that the factfinder could legitimately conclude that one ground for termination was established and that termination was in A.J.P.'s best interest, we overrule all of appellant's issues and affirm the termination order.


Brian Quinn
Chief Justice