NO. 07-07-0032-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2009
_____

IN THE INTEREST OF K.C.B., A CHILD
_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 6951; HONORABLE PHIL VANDERPOOL, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

This is an accelerated appeal of a trial court's order terminating the parental rights between appellant, A.M.B., and K.C.B., her infant daughter.[1]  Appellant sets forth ten issues alleging trial court error that may be grouped as follows: 1) denial of appellant's right to a jury trial; 2) error in using record from the Associate Judge's hearing; 3) admission of evidence regarding meconium drug testing; 4) insufficiency of the evidence to support the allegations under section 161.001(1)(D), (E) and (O) of the Texas Family Code.[2]  For the reasons set forth below, we affirm.

_____

[1] See TEX. R. APP. P. 9.8(b).

[2] Further reference to the Texas Family Code will be by reference to "§ ___."

Procedural and Factual Background

Appellee, the Texas Department of Protective and Regulatory Services (Department) took custody of K.C.B. on December 9, 2004. On March 21, 2006, Associate Judge Phil N. Vanderpool tried the lawsuit. Judge Vanderpool entered an order of termination of appellant's parental rights on March 31, 2006. On April 3, 2006, appellant filed a Notice of Appeal To Referring Court. Subsequently, on April 19, 2006, appellant filed a Statement of Points Of Error To Be Relied On By Appellant On Appeal. Then on May 2, 2006, a trial *de novo* was conducted by the referring court. The referring court, the trial court below, signed its Order of Termination on December 18, 2006, and it was filed of record on December 21, 2006. Appellant filed a notice of appeal on January 2, 2007. On January 2, 2007, appellant also filed a Statement of Points Of Error To Be Relied On By Appellant On Appeal.[3] This Court originally ruled in an opinion dated October 11, 2007, that appellant's issues on appeal had not been preserved for appeal. Subsequently, a motion for rehearing was filed alleging that the Statement of Points For Appeal had been timely filed with the trial court. This motion was overruled by the Court. Appellant filed a petition for review by the Texas Supreme Court, which was granted. Thereafter, the Texas Supreme Court reversed this Court and remanded the case for consideration of appellant's points of error.

---

[3] The Statement Of Points Of Error For Appeal was not part of the original or first supplemental record received from the trial clerk. A final supplemental record with the Statement Of Points Of Error For Appeal was received by this Court on August 25, 2008.

Statement of Points for Appeal

In the Statement of Points for Appeal filed after the trial court issued its judgment following the trial de novo, appellant alleges the following probable points of appeal:

1) The trial court erred in utilizing the reporter's record from the hearing by the Associate Judge in that said reporter's record was not available for the hearing on May 2, 2006, which is required to be a trial de novo.

2) The trial court erred in delaying ruling on respondent's objections to evidence offered in the prior hearing since the reporter's record was not available and this was required to be a trial de novo.

3) The trial court erred in finding that respondent knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child in that the evidence was insufficient.

4) The trial court erred in finding that respondent engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child in that the evidence was insufficient.

5) The trial court erred in finding that respondent failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child in that there is no evidence or insufficient evidence of abuse or neglect of the child.

6) The trial court erred in finding that termination of the parent-child relationship between respondent and the child is in the child's best interest in that the evidence is insufficient.

7) The trial court erred in using the reporter's record in any manner on the trial de novo in that respondent's previous attorney should have withdrawn his representation of respondent due to a conflict of interest.

3

8) The trial court erred in using the reporter's record in any manner in that respondent's attorney at the previous hearing provided ineffective legal assistance to respondent.

9) The trial court erred in admitting evidence at the trial de novo the court reporter's record of the hearing before the associate judge and the evidence was insufficient to establish the facts required to terminate the parental relationship with respondent.

10) The trial court erred in proceeding to trial on the trial de novo without notice to James Edward Brown, the father of the child, and a person affected by the trial court's judgment.

Although we have points of appeal filed by appellant after the trial de novo, we are still required to determine if the points of error alleged in the original and supplemental brief are properly before this court.

Standard of Review

This appeal is governed by the rules of the Supreme Court regarding accelerated appeals and the procedures set forth in Subchapter E of Chapter 263 of the Texas Family Code. § 263.405(a). The Department was named as the managing conservator of K.C.B. in the trial court's final order. As such, this order is an order pursuant to Subchapter E, Chapter 263. Accordingly, any appeal of this final order must comply with the terms of Chapter 263. Chapter 263 requires that a statement of points on which the party intends to appeal be filed with the trial court not later than the 15th day after the trial court enters the final order. § 263.405(b). The statement may be combined with a motion for new trial. Id. Finally, the statute provides that the appellate court may not consider any issues not

contained within the referenced statement of points or in conjunction with the motion for new trial. § 263.405(I).

Analysis

Applying this statutory scheme to the case before the court results in the inability of the court to consider all of appellant's points of error. Those points of error not listed in the statement of points for appeal filed subsequent to the trial de novo may not be considered by this court. See In re R.M.R., 218 S.W.3d 863, 864 (Tex.App.–Corpus Christi 2007, no pet.). The following points of error raised by appellant are not part of the statement of points for appeal:

> Point of Error No. 1: The trial court erred in denying appellant's request for a jury trial.

> Point of Error No. 3: The trial court erred in admitting into evidence the meconium drug test and results in that such test has not been scientifically determined to be accurate and there was no evidence concerning the collection method, the chain of custody, the reliability and methodology used by the laboratory, and the accuracy of the laboratory results.

> Point of Error No. 4: The trial court erred in admitting into evidence the meconium drug test and results in that the test was performed on the child without express consent of the parents.

> Point of Error No. 5: The trial court erred in admitting into evidence the meconium drug test as it was hearsay.

Accordingly, we cannot consider these points of error. See In re R.C., 243 S.W.3d 674, 676-77 (Tex.App.–Amarillo 2007, no pet.). Therefore, appellant's points of error 1, 3, 4 and 5 are overruled.

## Use of Reporter's Record

In Point of Error No. 2, appellant complains about the trial court's use of the reporter's record from the Associate Judge's trial. Appellant's contention is that record was never offered into evidence and was not available at the time of the trial de novo. However, a review of the record clearly shows that the issue of the use of the entire record, to include the court reporter's record, was discussed prior to the offering of evidence at the trial de novo. At no time did appellant ever object to the trial court's use of the reporter's record and the question of the lack of availability of that record on the date of the trial de novo was never raised by anyone. Accordingly, the issue has not been preserved for appellate review. See TEX. R. APP. P. 33.1(a)(1)(A).

## Legal and Factual Sufficiency of the Evidence

In terminating the parental rights of appellant, the trial court found, by clear and convincing evidence, that appellant had:

1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; and

6

3) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

Additionally, the trial court found, by clear and convincing evidence, that termination of parent-child relationship between appellant and the child would be in the child's best interest. It is the evidentiary sufficiency for these determinations that appellant is attacking in Points of Error Nos. 6, 7, 8, 9, and 10.

Standard of Review

The natural right existing between parents and their children is of constitutional dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized. In re G.M., 596 S.W.2d 846, 846 (Tex. 1980). A termination decree is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. Holick, 685 S.W.2d at 20. Thus, due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. See § 101.007. See also In re G.M., 596 S.W.2d at 847; In re Z.J., 153 S.W.3d 535, 539 (Tex.App.–Amarillo 2004, no pet.). Parental rights, however, are not

7

absolute, and it is essential that the emotional and physical interests of the child not be sacrificed merely to preserve those rights. In re C.H., 89 S.W.3d 17, 26 (Tex. 2002).

Section 161.001 of the Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. See § 161.001(2); Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976). Though the same evidence may be probative of both issues, both elements must be established and proof of one element does not relieve the petitioner of the burden of proving the other. See id.; In re C.H., 89 S.W.3d at 28.

In reviewing the legal sufficiency of the evidence to support an order terminating parental rights, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005) (citing In re J.F.C., 96 S.W.3d at 266). To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence. Id.

8

The standard for reviewing the factual sufficiency of termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the allegations. See In re H.R.M., 209 S.W.3d 105, 108 (Tex. 2006) (citing In re C.H., 89 S.W.3d at 27). If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. In re H.R.M., 209 S.W.3d at 108 (citing In re J.F.C., 96 S.W.3d at 266).

Only one statutory ground is required to terminate parental rights under § 161.001. See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); In re S.F., 32 S.W.3d 318, 320 (Tex.App.–San Antonio 2000, no pet.). Therefore, we will affirm the termination order if the evidence is sufficient on any statutory ground relied on by the trial court in terminating the parent-child relationship when there is also a finding that termination is in the child's best interest. See In re A.V., 113 S.W.3d at 362.

Analysis

Appellant's points of error 6 and 7 attack the legal and factual sufficiency of the evidence to support termination under § 161.001(1)(D) & (E).[4] Each of these allegations

---

[4] § 161.001(1) states that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has:

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

of the Department deals with endangerment of the physical or emotional well being of the child. Because the evidence overlaps the two distinct statutory allegations, we will address both points of error together.

When examining the record for purposes of an evidentiary review under § 161.001(1)(D) & (E), endanger has been determined to mean expose to loss or injury or to jeopardize. See In re M.C., 917 S.W.2d 268, 269 (Tex. 1996). Further, the courts have held that it is not necessary that the conduct be directed at the child or that the child actually suffers injury, or even that the conduct constitutes a concrete threat of injury to the child. In re M.J.M.L., 31 S.W.3d 347, 350 (Tex.App.–San Antonio 2000, pet. denied). The conduct proscribed involves not only acts, but includes omissions or failures to act. Id.

The evidence produced for the trial court included a meconium drug screen on the child's diaper which was positive for cocaine, which is evidence of the mother's drug use during pregnancy. A mother's use of drugs during pregnancy may be conduct which endangers the physical and emotional well being of the child. In re S.M.L.D., 150 S.W.3d 754, 757 (Tex.App.–Amarillo 2004, no pet.). The record further reflected that, during the time period appellant was trying to effectuate a reunification with the child, she refused to submit for drug screening on more than one occasion. The trial court may infer from a refusal to take a drug test that appellant was using drugs. In re J.T.G., 121 S.W.3d 117, 131 (Tex.App.–Fort Worth 2003, no pet.). The evidence at trial reflected that appellant

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child.

10

was aware that a safety plan had been initiated for the protection of the child after the mother and child were released from the hospital. Further, there was significant testimony that appellant had violated the safety plan on almost a daily basis. The trial court could view appellant's actions in violating the safety plan as conduct that endangered the child. See In re Z.J., 153 S.W.3d at 541 (testimony regarding violation of the safety plan part of the evidence used to prove violation of §161.001(1)(D) & (E)). The trial court also had before it the evidence that the baby was being kept in a place where there was an active methamphetamine lab. Despite appellant's contention that she did not know of the existence of the methamphetamine lab at the residence where the family lived, the trial court could choose not to believe this denial based strictly on the credibility of appellant's testimony. See In re E.J.P., No. 06-04-00131-CV, 2005 Tex. App. LEXIS 7372 (Tex.App.–Texarkana September 7, 2005, no pet.)(mem. op.). The record also reflects that on the day the child was picked up by the Department, which was the same day that the search warrant for the methamphetamine lab was executed, there were several firearms located in the room with the child. Appellant initially claimed her fifth amendment right against self-incrimination when asked about the weapons. See U.S. CONST. Amend. V. However, during the trial before the referring court, appellant admitted that the weapons were present. The presence of weapons around a drug manufacturing operation clearly exposes the child to loss or injury. See In re M.C., 917 S.W.2d at 269.

Remembering first, in a legal sufficiency review, a reviewing court should look at all the evidence in the light most favorable to the finding of the factfinder. In re J.P.B., 180 S.W.3d at 573. When all of these facts are considered in that most favorable light, it

11

becomes clear to this court that a reasonable factfinder could have formed a firm belief or conviction that trial court's finding was true. Id. Accordingly, appellant's legal sufficiency challenge to the trial court's judgment under § 161.001(1)(D) & (E) is overruled.

When reviewing the factual sufficiency of the trial court's findings, we review the entire record without the lens of "in the light most favorable" to determine whether or not a factfinder could reasonably form a firm belief or conviction about the truth of the Departments allegations. In re H.R.M., 209 S.W.3d at 108. Additionally, we must review the disputed evidence to determine whether this evidence was so strong that a factfinder could not have reasonably formed a firm belief or conviction about the truth of the Departments allegations. Id. There was no disputed evidence offered except that which characterized appellant as a "good mother" when looking after the child at issue. These general characterizations are not such as to prevent the factfinder from reasonably forming a firm belief or conviction about the truth of the Department's allegations. Further, the evidence presented by the Department is more than sufficient to support a firm belief or conviction about the truth of the allegations, even when viewed in a neutral light. Id. Accordingly, the evidence was factually sufficient to support the judgment of the trial court. Appellant's issue regarding the factual sufficiency of the evidence is overruled.

Inasmuch as only one statutory ground is required to terminate parental rights under § 161.001, we will omit a discussion of the Department's allegations under § 161.001(1)(O). See In re A.V., 113 S.W.3d at 362; In re S.F., 32 S.W.3d at 320. Instead we will next consider the best interests of the child under § 161.001(2).

Appellant's lists as one of the findings by the trial court to be challenged, the trial court's finding that termination of the parent-child relationship is in the best interest of the child. However, appellant does not brief this point nor provide the court with any analysis of the facts and the law in regards to this issue. Accordingly, the point, if truly raised by appellant, is insufficiently briefed. <u>See</u> TEX. R. APP. P. 38.1(i). As such, the point of error is waived. <u>See</u> <u>Davey v. Shaw</u>, 225 S.W.3d 843, 852 (Tex.App.–Dallas 2007, no pet.). Accordingly, that portion of the judgment stands.

## Conclusion

Having overruled appellant's challenges to the legal and factual sufficiency of the evidence, and having found appellant's other issues not properly before us, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice