NO. 07-09-0373-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 27, 2010

In the Interest of A.S., a Child

FROM THE 316th DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 38,213; HONORABLE JOHN LAGRONE, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Tammy Lea Smith (Smith) appeals the termination of her parental rights to her five-year-old daughter A.S. by attacking the sufficiency of the evidence underlying the findings with regard to the child's best interest and the various statutory grounds alleged. We affirm.

We initially observe that Smith failed, in both her motion for new trial or statement of points on appeal, to allege that the evidence was either legally or factually insufficient to support a finding that termination was in the child's best interest. Thus, those complaints were not preserved for review. *See In re C.M.,* 208 S.W.3d 89, 92 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 2005).

Next, the trial court found by clear and convincing evidence that termination was warranted under §161.001(1)(D), (E), (I), and (O) of the Texas Family Code. If there be sufficient evidence to support the existence of any one of those grounds, then we must affirm its decision. *In re K.C.B.,* 280 S.W.3d 888, 894-95 (Tex. App.–Amarillo 2009, pet. denied).

Next, the record before us contained the following evidence. Smith had been a long-time abuser of drugs, that is, marijuana, methamphetamine, and cocaine. Each hair follicle drug test she took during the eighteen months that her daughter was in foster care came back positive. She further admitted to using marijuana and methamphetamine less than thirty days prior to trial. Smith also admitted to being arrested numerous times for possessing drugs, shoplifting, or public intoxication. So too has she been jailed at least six times since A.S. was born. Appellant also moved frequently, once had been evicted from her abode due to her drug use, lacked electricity in one home, lived a nomadic life with friends, lost a job due to drug use, and lived with a boyfriend with whom she used drugs. The latter was also a violent individual and physically abused Smith. According to A.S., her mother's boyfriend was responsible for a cut lip and a mark across her back. Other men with whom Smith had lived were also abusive. And, though she claimed that she was employed with a "private" lady, appellant failed to provide proof of employment to Child Protective Services. Next, it appeared that A.S. spent most weekends with her purported grandparents, one of which described the child as being dirty and hungry whenever they picked her up. The house in which the child lived with her mother was further described as smelling of marijuana.

A grandparent also testified that Smith oftimes could not be awakened when the child was returned home. Additionally, A.S. told others that she was afraid of her mother, that her mother would leave her alone, and that she feared her mother's boyfriend. A.S. also asked her foster mother if her husband was going to cut her clothes with a knife, if he was going to throw the foster mother's possessions out of the window, and why he did not hit the foster mother and her other children.

Other evidence illustrated that Smith failed to complete her parenting classes or counseling. So too did a psychologist conclude that Smith had poor parenting skills and would have difficulty caring for a five-year-old child. Finally, Smith admitted that she was unable to care for the child. All of this constitutes clear and convincing proof that the child's surroundings and environment endangered A.S.' physical and emotional well-being. Thus, the trial court had ample evidence to support termination under that ground. *See* TEX. FAM. CODE ANN. §161.001(1)(D) (Vernon Supp. 2010) (termination may be warranted when a parent knowingly placed or knowingly allowed a child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child).

Accordingly, we overrule Smith's issues and affirm the termination order.


Brian Quinn
Chief Justice

3