

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00254-CV
_____

IN THE INTEREST OF E.T., A CHILD

_____

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 90,142-2-FM, Honorable Carry Baker, Presiding

_____

September 18, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

"Betty" appeals the trial court's order terminating her parental rights to her child "Emily."[1]  Betty asserts the evidence is neither legally nor factually sufficient to support the trial court's finding that termination of her parental rights was in the best interest of the child.  We affirm the trial court's order.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant mother as "Betty," the father as "Stan," and the child as "Emily."  See TEX. FAM. CODE ANN. § 109.002 (d) (West Supp. 2017); TEX. R. APP. P. 9.8(b).  Stan executed an affidavit of relinquishment of parental rights on the morning of trial.  He does not appeal.

Background

In May of 2017, the Texas Department of Family and Protective Services filed its petition for protection, conservatorship, and termination of parental rights of Betty and Stan as to their ten-month-old daughter, Emily. Emily was removed after the Department received a report that Betty and Stan were using and manufacturing methamphetamine. There were also concerns of domestic violence in the home. During the investigation by the Department, Betty tested positive for methamphetamine and marijuana.

The Department developed a family service plan for Betty and the trial court ordered compliance with the plan's requirements. The service plan required that Betty maintain safe, stable housing; maintain stable, verified employment; obtain a psychological evaluation; participate in Rational Behavior Therapy (RBT) and individual counseling; follow therapy and assessment recommendations; maintain a drug-free lifestyle, submit to random drug screens, and abstain from the use of illegal drugs; attend parenting classes and visitation with Emily; maintain contact with the Department; and report address changes.

Betty failed to complete any services in her plan of service. Betty told her caseworker that she did not complete any of her services because of her "tumultuous" relationship with Stan. Betty continued to use marijuana and methamphetamine during the pendency of the case. Betty signed an acknowledgment of substance use indicating that she used marijuana and methamphetamine on January 12, 2018. Betty's visitation with Emily was sporadic. Eventually, Betty's visitation was cancelled due to her lack of

progress in completing her plan of service and her continued drug use. Betty did not appear at the termination hearing.

At the time of the final hearing, Emily was twenty-two months old. She is placed in a foster home in Lubbock and the Department has no concerns about her placement. Emily's physical and medical needs are being met by the foster parents and they are considered a permanent placement.

The trial court terminated Betty's parental rights to Emily on the grounds of endangering conditions, endangerment, and failure to comply with a court order that established actions necessary to retain custody of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O) (West Supp. 2017).[2] The court also found that clear and convincing evidence demonstrated that termination was in the best interest of Emily. *See* § 161.001(b)(2).

## Applicable Law

A parent's rights to the "companionship, care, custody, and management" of his or her child is a constitutional interest "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *see In re M.S.,* 115 S.W.3d 534, 547 (Tex. 2003). Consequently, we strictly scrutinize termination proceedings and strictly construe the involuntary termination statutes in favor of the parent. *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985). However, "the rights of natural parents are not absolute" and "[t]he rights of parenthood are accorded only to those fit to

---

[2] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

accept the accompanying responsibilities." *In re A.V.,* 113 S.W.3d 355, 361 (Tex. 2003) (citing *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1993)).  Recognizing that a parent may forfeit his or her parental rights by his or her acts or omissions, the primary focus of a termination suit is protection of the child's best interests.  *See id.*

In a case to terminate parental rights by the Department under section 161.001 of the Family Code, the Department must establish, by clear and convincing evidence, that (1) the parent committed one or more of the enumerated acts or omissions justifying termination, and (2) termination is in the best interest of the child.  § 161.001(b).  Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  § 101.007 (West 2014); *In re J.F.C.,* 96 S.W.3d 256, 264 (Tex. 2002).  Both elements must be established, and termination may not be based solely on the best interest of the child as determined by the trier of fact.  *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re K.C.B.,* 280 S.W.3d 888, 894 (Tex. App.— Amarillo 2009, pet. denied).  "Only one predicate finding under section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest."  *In re A.V.,* 113 S.W.3d at 362.  We will affirm the termination order if the evidence is both legally and factually sufficient to support any alleged statutory ground the trial court relied upon in terminating the parental rights if the evidence also establishes that termination is in the child's best interest.  *In re K.C.B.*, 280 S.W.3d at 894-95.

Standards of Review

When reviewing the legal sufficiency of the evidence in a termination case, the appellate court should look at all the evidence in the light most favorable to the trial court's finding "to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.,* 96 S.W.3d at 266. To give appropriate deference to the factfinder's conclusions, we must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. *Id.* We disregard all evidence that a reasonable factfinder could have disbelieved or found to have been not credible, but we do not disregard undisputed facts. *Id.* Even evidence that does more than raise surmise or suspicion is not sufficient unless that evidence is capable of producing a firm belief or conviction that the allegation is true. *In re K.M.L.,* 443 S.W.3d 101, 113 (Tex. 2014). If, after conducting a legal sufficiency review, we determine that no reasonable factfinder could have formed a firm belief or conviction that the matter that must be proven was true, then the evidence is legally insufficient, and we must reverse. *Id.* (citing *In re J.F.C.,* 96 S.W.3d at 266).

In a factual sufficiency review, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *In re J.F.C.,* 96 S.W.3d at 266. We must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id.* We must also consider whether disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding. *Id.* If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited

in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

Analysis

Best Interest of the Child

Betty does not contest the statutory basis for termination under section 161.001(b)(1). She concedes that the evidence was legally and factually sufficient to terminate her parental rights under at least one of subsections (D), (E), and (O). Betty challenges the factual and legal sufficiency of the evidence supporting the best interest finding made under section 161.001(b)(2).

A determination of best interest necessitates a focus on the child, not the parent. *See In re B.C.S.,* 479 S.W.3d 918, 927 (Tex. App.—El Paso 2015, no pet.). Appellate courts examine the entire record to decide what is in the best interest of the child. *In re E.C.R.,* 402 S.W.3d 239, 250 (Tex. 2013). There is a strong presumption that it is in the child's best interest to preserve the parent-child relationship. *In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006).

In assessing whether termination is in a child's best interest, the courts are guided by the non-exclusive list of factors in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors include: (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7)

the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not proper, and (9) any excuse for the acts or omissions of the parent. *Id.* "[T]he State need not prove all of the factors as a condition precedent to parental termination, 'particularly if the evidence were undisputed that the parental relationship endangered the safety of the child.'" *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (quoting *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002)). Evidence that supports one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re E.C.R.*, 402 S.W.3d at 249. The best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as direct evidence. *In re N.R.T.,* 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.). We must also bear in mind that a child's need for permanence through the establishment of a stable, permanent home has been recognized as the paramount consideration in determining best interest. *See In re K.C.,* 219 S.W.3d 924, 931 (Tex. App.—Dallas 2007, no pet.).

The record reflects that the Department became involved with Betty due to concerns about the use and manufacturing of methamphetamine in the home shared by Betty, Stan, and their infant daughter, Emily. Betty tested positive for marijuana and methamphetamine, leading to Emily's removal from the home. Betty continued to use marijuana and methamphetamine throughout the case. Further, she did not complete any of the services offered by the Department or indicate any desire to do so. Betty blamed her failure to complete services on her tumultuous relationship with Stan. Her

7

visitation with Emily was sporadic, and eventually discontinued because of her drug use and lack of interest in working services.

A factfinder may infer that past conduct endangering the well-being of a child may recur in the future if the child is returned to the parent. *In re D.L.N.,* 958 S.W.2d 934, 941 (Tex. App.—Waco 1997, pet. denied), *disapproved on other grounds by, In re J.F.C.*, 96 S.W.3d at 256. A parent's ongoing drug abuse is conduct that subjects a child to a life of uncertainty and instability, which endangers the physical and emotional well-being of the child. *See In re K.A.S.*, No. 07-12-00234-CV, 2012 Tex. App. LEXIS 8725, at *16-17 (Tex. App.—Amarillo Oct. 18, 2012, no pet.) (mem. op.) ("Drug use and its effect on a parent's life and ability to parent may establish an endangering course of conduct.") A trial court is entitled to consider a parent's history of drug use and irresponsible choices. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009). Evidence of the parents' history of domestic violence supports the trial court's best interest finding. *See In re J.I.T.P.*, 99 S.W.3d 841, 846 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (domestic violence supports finding that termination is in child's best interest even when child is not a victim of violence). The trial court could have concluded that Betty is unable to meet the physical or emotional needs of Emily and is unable to protect her from physical or emotional danger.

The factfinder can infer from a parent's failure to take the initiative to utilize the available programs offered by the Department that the parent "did not have the ability to motivate herself to seek out available resources needed now or in the future." *In re J.M.,* No. 01-14-00826-CV, 2015 Tex. App. LEXIS 2130, at *21 (Tex. App.—Houston [1st Dist.] Mar. 5, 2015, no pet.) (mem. op.) (citing *In re W.E.C.*, 110 S.W.3d 231, 245 (Tex. App.—

Fort Worth 2003, no pet.)).  The trial court was entitled to find that this evidence weighed in favor of the best interest finding.

Stability and permanence are paramount in the upbringing of children*.  In re J.D.,* 436 S.W.3d 105, 120 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  The factfinder may compare the parent's and the Department's plans for the child and determine whether the plans and expectations of each party are realistic or weak and ill-defined.  *Id.* at 119-20.

Betty did not attend the termination hearing or offer any specifics of her plans for Emily.  Her continued drug abuse is inconsistent with a proper parent-child relationship and subjects Emily to a life of uncertainty and instability.  The caseworker testified that Emily was placed in a foster home where her medical and physical needs were being met.  The Department's plan of termination leading to adoption would best serve the stability and permanence that Emily deserves.  This evidence supports the trial court finding that termination was in the best interest of the child.

After reviewing the *Holley* factors, we conclude that the evidence is both legally and factually sufficient to establish a firm conviction in the mind of the trial court that termination of Betty's parental rights is in the best interest of Emily.

Conclusion

The judgment of the trial court terminating Betty's parental rights is affirmed.

Judy C. Parker
Justice

9