

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00436-CV
No. 07-13-00437-CV

### IN THE INTEREST OF B.J.A. & A.A., CHILDREN

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 82,470-E, Honorable Douglas Woodburn, Presiding

April 2, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

T.A. (father) and C.K. (mother) challenge the termination of their parental rights to their two children, B.J.A. and A.A. In doing so, they contest the legal and factual sufficiency of the statutory grounds found by the trial court as well as the finding that termination was in the best interest of the children. We affirm the orders.

*Authority*

The pertinent standard of review is discussed in *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002), and we apply it here. Though a trial court may base its decision to terminate on multiple statutory grounds, sufficient evidence of only one ground is

needed to support that decision. *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). The ground upon which we focus is that allowing termination when the parents engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotion well-being of the children. TEX. FAM. CODE ANN. § 161.001(1)(E) (West Supp. 2013). In assessing whether that ground was proven, we may consider parental conduct either before or after a child's birth, *In re S.M.L.D.*, 150 S.W.3d 754, 757 (Tex. App.—Amarillo 2004, no pet.), parental conduct directed at other children, *In re J.O.A.*, 283 S.W.3d 336, 345-46 (Tex. 2009), drug use by the parents, *In re J.O.A., 283 S.W.3d.* at 345-46, and criminal activity in which the parents engaged that exposed them to incarceration. *In re C.A.B.*, 289 S.W.3d 874, 886 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also Avery v. State*, 963 S.W.2d 550, 552-53 (Tex. App.—Houston [1st Dist.] 1997, no writ) (finding that a parent's criminal conduct before and after the child's birth is relevant in a termination proceeding).

As for the matter of the children's best interest, we consider indicia known as the *Holley* factors. They include, among other things, 1) the desires of the children, 2) the emotional and physical needs of the children now and in the future, 3) the emotional and physical danger to the children now and in the future, 4) the parental abilities of the individuals seeking custody, 5) the programs available to assist those individuals to promote the best interest of the children, 6) the plans for the children by those individuals or by the agency seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that the existing parent/child relationship is not a proper one, and 9) any excuse for the acts or omissions of the parent. *Holley v. Adams*,

544 S.W.2d 367, 372 (Tex. 1976); *In re P.E.W.*, 105 S.W.3d 771, 779-80 (Tex. App.—Amarillo 2003, no pet.). It is not necessary that each factor favor termination, *In re P.E.W.*, 105 S.W.3d at 790, and the list is not exhaustive. *In re C.J.F.*, 134 S.W.3d 343, 354 (Tex. App.—Amarillo 2003, pet. denied). Moreover, the same evidence illustrating the presence of statutory grounds warranting termination may also be probative of the child's best interest. *In re C.H.*, 89 S.W.3d at 28.

*Application of Authority to the Record Evidence*

The record before us contains clear and convincing evidence from which a fact finder could reasonably determine that T.A. and C.K. committed acts within the parameters of § 161.001(1)(E) of the Family Code and that termination was in the best interest of the children. The evidence so illustrating included the following:

1. Both parents pled guilty to and were convicted of the criminal offense of abandoning or endangering B.J.A.;[1]

2. Both parents were admitted habitual drug abusers;

3. Both parents were in jail at the time of trial because they violated the terms of the community supervision granted them upon being convicted of abandoning or endangering B.J.A.;

4. Both parents have committed or been accused of committing crimes in addition to that of abandoning or endangering their children;

5. Both parents lack a stable support system;

6. T.A.'s mother used methamphetamine after the birth of B.J.A.;

---

[1] B.J.A. was taken to the hospital with facial bruising, bite marks, and abrasions on a substantial portion of his buttocks, and neither parent could provide adequate explanation for their cause. The child apparently manifested symptoms of shaken baby syndrome as well.

7. Both parents were unable to maintain stable employment or housing before being incarcerated;

8. Both parents were unable to provide definitive plans on what or how they would care for the children once they were released from jail, though they indicated that they desired the children and would try to improve;

9. Both parents wanted the Texas Department of Family and Protective Services (the Department) to be appointed managing conservator of the children until they were in a position to provide for them;

10. Both parents failed to complete all of their respective service plans developed to regain their children;

11. B.J.A. tested positive for methamphetamine when taken from the home;

12. C.K. was using methamphetamine and marijuana while pregnant with A.A.;

13. C.K. refused to take a drug test after completing inpatient drug treatment, failed to complete an outpatient drug program, discontinued contact with the Department in the fall of 2013 after refusing to disclose her address, and ceased visits with her children;

14. T.A. relapsed shortly after participating in a drug abuse program;

15. Both children are in the care of foster parents who wish to adopt them;

16. Both children have medical or physical conditions requiring that they undergo therapy, which therapy and care they are now being provided but which witnesses doubted the parents could provide;

17. Both children have bonded with their foster parents; and

18. T.A. has relinquished his parental rights to another child.

Simply put and contrary to the suggestions of appellants, there is evidence of a continuing course of conduct warranting termination and that termination is best for the children.  Accordingly, the orders of termination are affirmed.


Brian Quinn
Chief Justice