

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00112-CV
_____

IN THE INTEREST OF N.B. AND J.B., CHILDREN

On Appeal from the County Court at Law No 2
Randall County, Texas
Trial Court No. 10,203-L2, Honorable Jack M. Graham, Presiding

July 2, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant (father) appeals the termination of his parental rights to his two minor children N.B. and J.B.[1] He contends the evidence is legally and factually insufficient to support the various statutory grounds found by the court and that termination is in the best interest of the children. We affirm the order.

*Statutory Grounds*

We review the trial court's decision under the standard discussed in *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). Moreover, sufficient evidence of only one ground is

_____

[1] The children's mother relinquished her parental rights to the children.

needed to support termination.  *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied).  Therefore, we focus our attention on the allegation that appellant engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children.  TEX. FAM. CODE ANN. § 161.001(1)(E) (West Supp. 2013).  Factors relevant to that consideration include drug use by the parents, *In re J.O.A.*, 283 S.W.3d 336, 345-46 (Tex. 2009); criminal activity in which the parents engaged that exposed them to incarceration, *In re C.A.B.*, 289 S.W.3d 874, 886 (Tex. App.—Houston [14th Dist.] 2009, no pet.); and abusive conduct toward a spouse, *Jordan v. Dossey*, 325 S.W.3d 700, 724 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

With such factors in mind, we turn to the evidence.  The record shows that 1) the Department of Family and Protective Services (the Department) first became involved with the family in July 2012 when appellant was involved in a four-wheeler accident with N.B. during which he was alleged to have been under the influence of drugs; 2) the mother tested positive for drugs in August 2012; 3) the parents did not work their service plan, and the mother continued to have contact with the children even though appellant knew of her drug use and the prohibition against her contacting them; 4) in March 2013, the mother reported domestic abuse about which she testified at the hearing; 5) N.B. told a caseworker of seeing at least one instance of abuse against her mother; 6) appellant told a caseworker that both he and his wife used drugs when the children were removed in the spring of 2013; 7) the mother and appellant appeared homeless in the spring of 2013, when the children were removed; 8) J.B. previously tested positive for methamphetamine; 9) appellant tested positive for marijuana and

methamphetamine in March 2013, positive for marijuana in April 2013, positive for methamphetamine in May 2013, and refused a drug screen in June 2013; 10) the Department was never able to verify appellant's employment although he testified he was unable to work his service plan because he allegedly was busy working for an auto glass company; 11) appellant was incarcerated in the summer of 2013 and had no housing prior to it; 12) appellant was convicted of a theft occurring on June 29, 2013, a theft occurring in July 2013, burglary of a habitation occurring in July 2013, and burglary of a habitation occurring in August 2013; and 13) appellant was first jailed in August 2013 and will be incarcerated until at least October 2014. This is sufficient clear and convincing evidence of a continuing course of conduct by appellant endangering the emotional and physical well-being of the children.

*Best Interest of the Children*

In considering the best interest of the children, we look to the *Holley* factors which include, among other things, 1) the desires of the children, 2) the emotional and physical needs of the children now and in the future, 3) the emotional and physical danger to the children now and in the future, 4) the parental abilities of the individuals seeking custody, 5) the programs available to assist those persons to promote the best interest of the children, 6) the plans for the children by those individuals or by the agency seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that the existing parent/child relationship is not a proper one, and 9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976); *In re P.E.W.*, 105 S.W.3d 771, 779-80 (Tex. App.—Amarillo 2003, no pet.). It is not necessary that each factor favor termination, *In re P.E.W.*, 105 S.W.3d at

3

790, and the list is not exhaustive. *In re C.J.F.*, 134 S.W.3d 343, 354 (Tex. App.—Amarillo 2003, pet. denied). Furthermore, the same evidence illustrating the presence of the statutory grounds warranting termination may also be probative of the children's best interest. *In re C.H.*, 89 S.W.3d at 28.

In addition to the evidence already discussed, there is evidence that 1) the children have been cared for by their maternal grandmother and step-grandfather since their removal from the home; 2) they are happy and doing well in their placement; 3) those caregivers are willing to adopt the children if the parents are not able to rehabilitate themselves; 4) appellant did not testify to any plan he had for eventually being able to care for the children other than for them to stay in their current placement until he is released from incarceration; 5) although appellant said he lacked access in prison to many of the services he was required to complete to obtain custody of the children, he did not work his service plan prior to incarceration; 6) appellant's release date on the charge he is currently serving is May 2016, unless paroled earlier; 7) appellant blamed his drug use on the children's removal from the home and the mother having sexual relations with his boss; 8) appellant made no child support payments though ordered to do so; 9) the children's mother voluntarily relinquished her parental rights; and 10) the children's therapist recommended that appellant have no contact with the children. The sum total of the evidence is sufficient to support the conclusion that termination is in the best interest of the children.

Accordingly, the termination order is affirmed.

Brian Quinn
Chief Justice

4