

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00424-CV
_____

IN THE INTEREST OF K.V., A CHILD

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2014-510,388; Honorable Kara Darnell, Presiding

April 14, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, C.G.,[1] appeals the trial court's order terminating his parental rights to his child, K.V. Through six issues, C.G. contests the legal and factual sufficiency of the statutory grounds of termination and the trial court's best interest finding. C.G. was incarcerated when his parental rights were terminated. K.V. was approximately five and one-half years old. We affirm.

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014). *See also* TEX. R. APP. P. 9.8(b).

APPLICABLE LAW

The Texas Family Code permits a court to terminate the relationship between a parent and a child if the Department of Family and Protective Services establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) of the Texas Family Code and (2) termination is in the child's best interest. TEX. FAM. CODE ANN. §§ 161.001(b)(1), (2) (West Supp. 2015).[2] The burden of proof is by clear and convincing evidence. § 161.206(a) (West 2014). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

Only one statutory ground is needed to support termination. *In re K.C.B.,* 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). Although evidence presented may be relevant to both the statutory grounds for termination and best interest, each element must be established separately and proof of one element does not relieve the burden of proving the other. *See In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

STANDARD OF REVIEW

In applying the clear and convincing standard onto our legal sufficiency standard, we review the evidence by considering all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *See In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex.

---

[2] Throughout the remainder of this memorandum opinion, we will cite provisions of the Texas Family Code simply as "section ___" or "§ ___."

2013). *See also In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012) (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). To give appropriate deference to the factfinder's conclusions, we must assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. *Id.* As a corollary to this requirement, an appellate court should also disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must disregard *all* evidence that does not support the finding. To do so could skew the analysis of whether there is clear and convincing evidence. *Id.* If, after conducting a legal sufficiency review, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally insufficient. *Id.* Rendition in favor of the parent would generally be required if the evidence is legally insufficient. *Id.*

In a factual sufficiency review, a court of appeals must give due consideration to the evidence the factfinder could reasonably have found to be clear and convincing. *In re C.H.*, 89 S.W.3d at 25. We determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id.* In doing so, we consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *Id.* If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *In re J.F.C.*, 96 S.W.3d at 266.

ANALYSIS

The trial court's order of termination found by clear and convincing evidence that C.G. knowingly placed or knowingly allowed K.V. to remain in conditions or surroundings which endangered K.V.'s physical or emotional well-being, § 161.001(b)(1)(D), engaged in conduct or knowingly placed K.V. with persons who engaged in conduct which endangered her physical or emotional well-being, § 161.001(b)(1)(E), and that termination was in the child's best interest. Based upon our review of the record, we agree.

"[E]ndanger" means "to expose to loss or injury; to jeopardize." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). *See In the Interest of S.V.*, No. 07-14-00399-CV, 2015 Tex. App. LEXIS 2784, at *9 (Tex. App.—Amarillo Mar. 24, 2015, no pet.) (mem. op.). Although "endanger" means more than a threat of physical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the conduct be directed at the child or that the child actually suffer some sort of injury. *Boyd*, 727 S.W.2d at 533. *See In re P.E.W.*, 105 S.W.3d 771, 777 (Tex. App.—Amarillo 2003, no pet.). In our review, we not only look at evidence regarding the parent's active conduct, but we also consider evidence showing the parent's omissions or failure to act. *In re A.B.*, 125 S.W.3d 769, 777 (Tex. App.—Texarkana 2003, pet. denied). The Texas Supreme Court has reiterated that endangering conduct is not limited to parental actions directed toward the child: "It necessarily follows that the endangering conduct may include the parent's actions before the child's birth, while the parent had custody of older children, including evidence of drug usage." *In re J.O.A.*,

4

283 S.W.3d 336, 345 (Tex. 2009). *See In re T.N.*, 180 S.W.3d 376, 383 (Tex. App.—Amarillo 2005, no pet.).

Prior to K.V.'s birth, C.G. had been incarcerated twice for theft. He was incarcerated when she was born and was convicted for burglary approximately five months later. Since his last conviction, he was placed on parole twice and returned to prison twice for parole violations—once for using marihuana. The evidence demonstrated that eleven months was the longest period of time C.G. had been out of prison since his daughter was born. In large part, during that period, he was avoiding the authorities due to parole violations. He visited K.V. a couple of times when he was out of prison but primarily spent his time "ducking" parole. He candidly admitted he was running from the authorities and did not want to put his daughter in the situation where she was traveling with him under threat of his being caught and being locked up. He is presently scheduled to be discharged in March 2017 and admits he is conflicted because it would be unfair to make K.V. wait for him to be released from prison to have a dad. While he was in prison, he did not attempt to make contact with K.V., pay any support, arrange to perform any court-ordered services, respond to any correspondence from the Department, or attempt to resolve any issues that caused K.V. to come into the Department's care.

Drug use is relevant evidence on the issue of endangerment, *Dupree v. Tex. Dep't of Protective and Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ), and while incarceration in-and-of-itself does not constitute endangering conduct—it is a factor to be considered on the issue of endangerment. *See In re D.M.*, 58 S.W.3d 801, 812 (Tex. App.—Fort Worth 2001, no pet.). In addition, engaging in

5

intentional criminal activity which exposes a parent to incarceration is relevant evidence tending to establish a course of conduct endangering the emotional and physical well-being of a child. *In re A.W.I.*, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.) (*per curiam*) (citing *Allred v. Harris Cnty. Child Welfare Unit*, 615 S.W.2d 803, 806 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)).

C.G. does not attempt to defend his criminal record, his parole violations, his failure to attempt to perform any services, or his lack of contact with K.V. in any form. Instead, he asserts that his rights should not be terminated because his mother can take care of K.V., and in anticipation of his release, he has enrolled in a GED program, a contractor-licensing program, and a carpentry class. The trial court's order granted his mother visitation and she has not appealed. While the programs C.G. is enrolled in prepare him for a career when he is released, they do not prepare him to parent a child such as K.V.[3] Furthermore, whether the steps C.G. has taken to better himself as a parent were successful is essentially a question of credibility before the trier of fact. *In re R.D.S.*, 902 S.W.2d 714, 716 (Tex. App.—Amarillo 1995, no writ). Judging from the trial court's comments after the final hearing, it is apparent that the trial court gave his testimony little weight or found him to not be credible.

When applying the proper standard of review to C.G.'s legal sufficiency assertions regarding section 161.001(b)(E), we find that a reasonable trier of fact could have formed a firm belief or conviction as to the truth of the allegations sought to be established. *See In re J.F.C.,* 96 S.W.3d at 266. In reviewing the factual sufficiency of

---

[3] The evidence established K.V. suffered head trauma at the hands of one of her mother's paramours while C.G. was incarcerated. As a result, she requires behavioral, speech, and occupational therapy.

the evidence to support the trial court's finding of the predicate acts applicable to this subparagraph, the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's assertions. *In re C.H.*, 89 S.W.3d at 25.[4] Accordingly, we overrule issues three and four.

Because termination is sustainable based upon a single statutory ground, *In re K.C.B.*, 280 S.W.3d at 894-95, we pretermit consideration of issues one and two. *See* TEX. R. APP. R. 47.1.

BEST INTEREST

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(b)(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the child's best interest. *See* § 161.001(2). Evidence that supports one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. *See also In re E.C.R.*, 402 S.W.3d 239, 249-50 (Tex. 2013).

There is a strong presumption that the best interest of a child is served by keeping custody in the natural parent. *In re D.T.*, 58 S.W.3d 625, 641 (Tex. App.—Fort Worth 2000, pet. denied). A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b). The Supreme Court has also considered the following factors: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the

---

[4] Inasmuch as only one predicate act is necessary to support a trial court's decision to terminate a parent-child relationship, we need not address the trial court's finding regarding section 161.001(b)(D*). In re C.H.,* 89 S.W.3d at 25.

programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors are not exhaustive; some listed factors may be inapplicable to some cases, while other factors not on the list may also be considered when appropriate. *In re C.H.*, 89 S.W.3d at 27.

With regard to K.V.'s best interest, many of the same factors warranting termination also apply. In addition, K.V. is at a young age where she is unable to protect or provide for herself and her needs require special therapy. Importantly, there was little or no evidence at the final hearing indicating C.G. had any plan in place to meet K.V.'s special needs or provide a stable home life. Other than the desire to be her father, C.G. did not come forth with any evidence establishing that he had participated in any programs that would ensure he was an adequate parent or increase the likelihood he would cease engaging in criminal activity outside incarceration. He supplied no excuse for his repeated criminal behavior in the past and, to his credit, candidly admitted that K.V. should not have to wait for him to be freed in order to have a father. Further, despite his attendance at classes that will help him find employment when he is released, he has no proven record of stable employment.

On the other hand, K.V. has been placed with her maternal aunt and uncle for the past six months. They are proactive with her education and medical well-being. She is in a stable environment with siblings and is reacting positively to school and therapy. The maternal aunt and uncle want to adopt not only K.V. but also her two

brothers and the Department intends for their placement to be permanent. C.G.'s mother will continue to have visitation rights. Accordingly, we find that termination is in K.V.'s best interest and overrule issues five and six.

CONCLUSION

The trial court's order terminating C.G.'s parental rights to K.V. is affirmed.[5]


Patrick A. Pirtle
Justice

---

[5] Based upon the recent Texas Supreme Court decision, *In re P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, at *6 (Tex. April 1, 2016) (*per curiam*), it is appropriate to call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review.